STATE ex rel. FIELD vs. AVERY.

Where the return of a register of deeds to an alternative writ of *mandamus* to compel him to hold his office at a place alleged to be the county seat, according to the result of a certain election, was adjudged insufficient on demurrer, and the relator having moved for a peremptory writ, the clerk of the court of the same county presented affidavits alleging *collusion* between the relator and the register, and that similar suits had been commenced against other officers of that county to test the same question, in which issues of *fact* had been joined, it was *held*, that proceedings in the action against the register should be stayed until the further order of the court after a trial of the issues of fact should have been had.

MANDAMUS. The case is stated by the court.
J. H. Knowlton and F. Winsor, for the relator.
L. Van Slyke, for the respondent.

March 15.

*By the Court*, PAINE, J. This was a *mandamus* to compel the respondent, a register of deeds of Juneau county, to hold his office at Mauston, the relator averring that to be the county seat, according to the result of an election recently

held on that subject. The respondent made a return, setting January Term, 1862.
up only that the canvass of the votes given at such election
showed that New Lisbon was the county seat, but not deny- Field v. Avery.
ing the allegation that the majority of the votes was in fact
in favor of Mauston. This return was held insufficient on
demurrer, and a peremptory writ awarded unless the re-
spondent should amend within a specified time. That time
having expired, the relator moves for the peremptory writ,
and a motion has been made by the clerk of the court of
that county, upon affidavits averring collusion between the
relator and the respondent, either to be let in to defend this
suit, or else that the proceedings in this may be stayed to
await the result of other similar proceedings against other
officers of that county to test the same question, in which
issues of fact have been joined and sent to the circuit court
for trial.

The counsel for the relator opposed these motions, and in-
sisted that the peremptory writ should be awarded immedi-
ately, without reference to what might be the result of the
trial of the issues of fact in the other suits. And this con-
clusion he arrived at by applying strictly to these proceed-
ings the same principles which govern in suits relating merely
to private rights. But it seems very obvious to us that these
principles cannot be so applied. On the contrary, although
these are different suits, they are brought to test one ques-
tion, and that a question of public importance, that is, the
location of the county seat. And it is clear that this is a
question which ought not to be decided one way in one suit,
and differently in another, thus establishing two county seats,
when in law there can be but one. But this result may hap-
pen if they are to be treated as mere private suits, each to
be decided without reference to the others.

It is true there is no statute prescribing definitely how
questions in respect to the location of county seats may be
judicially tested, nor how far one proceeding shall be a bar
to another. It would undoubtedly be well to have such a
statute enacted. But we do not think, even in the absence
of such a statute, that we are bound to overlook the nature
and object of these proceedings, so far as to allow several

January Term, judgments locating the county seat at different places, or
1862.        else to allow the whole people interested in the question to
OATMAN       be concluded by the acts of an officer who may be proceed-
v.           ed against by collusion, and fail to make any issue which
BOND.        shall present the question upon its merits, and refuse to al-
low any other party to appear and make such issue for him.

As issues of fact have been joined in the other cases, we deem it the proper course to order all proceedings in this stayed until the further order of the court after the trial of the questions of fact shall have been had.

Ordered that the proceedings be stayed accordingly.